520 P.2d 507

**STATE of Arizona, Appellee,**

v.

**Robert Joseph HEHMAN, Appellant.**

**No. 2821.**

Supreme Court of Arizona,
In Division.

March 27, 1974.

———◆———

Gary K. Nelson, Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Derickson & Kemper, by James H. Kemper, Phoenix, for appellant.

STRUCKMEYER, Justice.

Robert Joseph Hehman pled guilty to the charge of murder and from the sentence thereon appeals.

Those facts necessary to resolve this appeal establish that on October 16, 1972, appellant, seemingly pursuant to a suicide pact, shot and killed one Steven Mason. Thereafter, appellant was charged with murder. The trial court granted a motion directing that appellant be examined as to his mental condition pursuant to the provisions of A.R.S. § 13–1621. The two doctors who were appointed to examine him concluded, and so reported, that he was unable to understand the proceedings against him and unable to assist counsel in his own defense and, consequently, appellant was committed to the Arizona State Hospital.

Thereafter, on April 30, 1973, the court below found appellant was able to understand the nature of the proceedings against him and was able to assist in his own defense. On May 30, 1973, appellant entered a plea of guilty to the crime of murder. On June 13, 1973, a second motion was filed by appellant's attorney asking that he again be examined as to his mental condition. This motion was also granted and the appellant was committed to the Arizona State Hospital for further treatment.

A.R.S. § 13–1621H, subsecs. 3, 4 and 5, read as follows:

"3. When the authorized official of the institution is of the opinion that the defendant is able to understand the proceedings against him and to assist in his own defense, he shall report to the court which conducted the hearing.

4. After receiving a report pursuant to paragraph 3 of this subsection, or upon request by the defendant, certified by a psychiatrist, the court shall conduct another hearing to determine whether the defendant is able to understand the proceedings against him and to assist in his own defense.

5. If the court then finds that the defendant is able to understand the proceedings against him and to assist in his own defense, the proceedings shall continue without delay. The defendant may again be admitted to bail, if he is bailable."

An authorized official of the Arizona State Hospital subsequently reported to the Superior Court that appellant was able to understand the proceedings against him and to assist in his own defense. However, the court did not conduct the hearing required by subsec. 4, *supra*. In lieu thereof, the court at the time of sentencing on August 3, 1973, stated:

"I would like to add that information from—confidential medical information received by the Court at the Court's request that on the 30th of May, 1973, the defendant (reading) did possess that degree of mental competency which would enable him to make decisions of a very serious import; make a reasoned choice among the alternatives of a sentence of incarceration in the Arizona State Prison for a term of not less than ten years to a maximum of life, or in the alternative, probation; to understand the nature and consequences of entering a plea of guilty thereby waiving the constitutional rights of speedy and public trial; trial by jury; see, hear and question all witnesses; present evidence in his favor and testify or remain silent; have the Judge order into Court all evidence and witnesses in his favor; have a qualified lawyer defend him; the right not to be convicted except by proof beyond a reasonable doubt; to appeal if convicted."

We do not think the confidential medical information received by the trial judge is an adequate substitute for the hearing required by A.R.S. § 13–1621H, 4. The statute makes mandatory a hearing to determine a defendant's ability to assist in his defense after his return from the State Hospital. State v. Blazak, 110 Ariz. 202, 516 P.2d 575 (1973). We have said that on direct attack on appeal all proceedings after a defendant's return from the State Hospital will be held invalid if the hearing required by the statute has not been held. This is for the reason that a prior adjudication of mental incompetency gives rise to a presumption of continued incompetency. State v. Bradley, 102 Ariz. 482, 433 P.2d 273 (1967).

Since the record does not show that the appellant was competent at the time of sentencing, the sentence of the Superior Court is ordered set aside and vacated. The court below is directed to enter into the hearing required by those sections of § 13–1621 quoted *supra*, and if it is established that appellant is able to understand the nature of the proceedings and to assist counsel, the court shall resentence him, otherwise to proceed in accordance with the law as required under the circumstances.

Appellant also urges that the sentence of 33 years to life is excessive. In light of our disposition of this appeal, we feel it unnecessary to comment on this aspect of the case.

It is ordered that the sentence herein is vacated.

CAMERON, V. C. J., and LOCKWOOD, J., concur.