IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

E.V., A MINOR UNDER 18 YEARS OF AGE,
*Petitioner*,

*v.*

HON. LISA ABRAMS, JUDGE OF THE
SUPERIOR COURT OF THE STATE OF ARIZONA,
IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

*and*

THE STATE OF ARIZONA,
*Real Party in Interest*.

No. 2 CA-SA 2022-0024
Filed July 1, 2022

Special Action Proceeding
Pima County Cause No. JV20210204

**JURISDICTION ACCEPTED; RELIEF GRANTED**

COUNSEL

Megan K. Page, Pima County Public Defender
By David J. Euchner and Anthony Zinman, Assistant Public Defenders, Tucson
*Counsel for Petitioner*

Laura Conover, Pima County Attorney
By Myles A. Braccio, Criminal Appeals Section Chief, Maile Belongie, Deputy County Attorney and Vince George, Deputy County Attorney, Tucson
*Counsel for Real Party in Interest*

---

**OPINION**

---

Presiding Judge Eckerstrom authored the opinion of the Court, in which Chief Judge Vásquez and Judge Espinosa concurred.

---

E C K E R S T R O M, Presiding Judge:

**¶1** In this special action, E.V. seeks review of the respondent judge's order that he be placed in a program to restore his competency. He contends the respondent erred by failing to comply with A.R.S. § 8-291.08(D) by first determining "whether or not there is a substantial probability of restoration within 240 days." We reject that argument but because the respondent erred in finding the provision inapplicable as a matter of law, we accept special action jurisdiction and grant relief.

**¶2** The state filed a delinquency petition alleging E.V., born October 2007, committed child molestation and sexual conduct with a minor under the age of fifteen. E.V. moved for, and received, a competency evaluation and was ultimately examined by three experts. All three evaluators concluded E.V. was not competent. One evaluator opined E.V. could be restored to competency within six months, while another determined there was not a substantial probability he could be restored within that time. The third evaluator concluded she could not "state definitively" that E.V. would be restored within six months.

**¶3** At the competency hearing, E.V. argued that, under § 8-291.08(D), the juvenile court was required to dismiss the proceeding unless it was "substantial[ly] probabl[e]" E.V. "can be restored within 240 days." The respondent judge, however, accepted the state's argument that subsection (D) applied only after a juvenile was "already in" a competency restoration program and the issue was then whether the treatment should be extended past the presumptive 180 days established by the juvenile competency statutes. Thus, she expressly declined to consider, under subsection (D), whether there was "not a substantial probability" that E.V. would be restored within 240 days and considered only whether he "may be restored." This petition for special action followed.

**¶4** Our exercise of jurisdiction is appropriate; this case presents an important legal issue of first impression and E.V. does not have a

meaningful remedy by appeal. *See Potter v. Vanderpool*, 225 Ariz. 495, ¶¶ 6-7 (App. 2010) (exercising special action jurisdiction to address legal issues in competency proceedings). Arizona's juvenile competency statutes span from A.R.S. §§ 8-291 through 8-291.11. A juvenile is incompetent if the juvenile "does not have sufficient present ability to consult with the juvenile's lawyer with a reasonable degree of rational understanding or who does not have a rational and factual understanding of the proceedings against the juvenile." § 8-291(2). An incompetent juvenile may not participate in a delinquency proceeding. § 8-291.01(A). The state or juvenile may request, or the court may order on its own motion, a competency evaluation, which typically concludes in a competency hearing after the juvenile is examined by several mental health experts. *See generally* §§ 8-291.01 through 8-291.11. A juvenile fitting the statutory criteria may be ordered to participate in a competency restoration program. § 8-291.08(C).

¶5        This case centers on the interplay between subsections (C) and (D) of § 8-291.08, which governs competency hearings and restoration orders:

> C. If the court initially finds that the juvenile is incompetent but may be restored to competency, the court shall order that the juvenile undergo an attempt at restoration to competency.
>
> D. If the court initially finds that the juvenile is incompetent and there is not a substantial probability that the juvenile will be restored to competency within two hundred forty days, the court shall dismiss the matter with prejudice and shall initiate civil commitment proceedings, if appropriate. The court may appoint a guardian ad litem to proceed with a dependency investigation.

¶6        On review, E.V. argues the respondent judge misinterpreted § 8-291.08 and that "it is clear that the juvenile court is supposed to consider the potential for an incompetent child to be restored, and that the threshold for that determination is whether or not there is a substantial probability of restoration within 240 days." The state counters that the statute "requires an attempt at restoration unless there is not a substantial probability that

the juvenile might be restored to competence, for example, a condition akin to permanent incompetency."[1]

¶7        The parties depart on the question whether the juvenile court, in considering subsection (D), must decide whether there is a "substantial probability that the juvenile will be restored to competency within two hundred forty days." According to E.V., the court necessarily must decide that there is a substantial probability the juvenile can be restored within the statutory time limit, as an implicit component of deciding whether there is *not* such a probability. The state counters that the question before a juvenile court is whether the evidence supports the conclusion the juvenile cannot be restored in time — that is, that there is "not a substantial probability of restoration." Under the state's view, answering this question does not require the court to additionally answer the affirmative question whether there *is* a substantial probability the juvenile could be restored. It may simply be the case, instead, that the evidence does not allow a conclusion that restoration is unlikely or that restoration is substantially probable.

¶8        We interpret statutes to give effect to the legislature's intent, and the primary evidence of that intent is the statute's plain language. *See Wilks v. Manobianco*, 237 Ariz. 443, ¶ 8 (2015). The state's reading hews closer to the statute's language — requiring action by the court only if it finds "there is not a substantial probability" of restoration. § 8-291.08(D). And, unlike E.V.'s reading, the state's view does not risk reading subsection (C) out of existence. We are required to read all the provisions of a statute together and may not adopt a reading that disregards a provision. *See City of Tucson v. Clear Channel Outdoor, Inc.*, 209 Ariz. 544, ¶ 31 (2005) ("Whenever possible, we do not interpret statutes in such a manner as to

---

[1]The state's precise interpretation on review is difficult to pin down as it appears internally inconsistent. For example, the state contends that subsection (D) "provides an avenue for the trial court to make an initial finding that there is **not** a substantial probability of restoration" within 240 days. But it also asserts that the court need not consider "at the initial competency stage that there is a substantial probability of restoration." It is not clear how a court could take advantage of this "avenue" without considering the potential for restoration at the initial hearing. And, subsection (D) expressly requires the court to consider that question "initially," not at some later stage in the process, a point the state later seems to concede, noting that subsection (D) "applies to the small portion of incompetent juveniles for which the trial court finds, initially, that there is not a substantial probability of restoration in eight months."

render a clause superfluous."). Under E.V.'s suggested interpretation that subsection (D) requires an affirmative finding that a juvenile is substantially likely to be restored, subsection (D) would effectively subsume subsection (C) by requiring a positive finding of a substantial probability of restoration before a court could find a juvenile "may be restored to competency."

¶9        Instead, if a juvenile is restorable, then the court will order the juvenile to undergo restoration treatment unless the evidence shows the juvenile cannot be restored within the statutory time limit. Put another way, the only determination required by § 8-291.08(D) is whether the evidence establishes there is *not* a reasonable probability of restoration. The statute does not require the court to answer the inverse of that question.

¶10        The state's interpretation is consistent with the other governing statutes.[2] "When possible, we seek to harmonize statutory provisions and avoid interpretations that result in contradictory provisions." *Premier Physicians Grp., PLLC v. Navarro*, 240 Ariz. 193 ¶ 9 (2016). For example, § 8-291.07 does not require appointed experts to opine whether there is a substantial probability of restoration within 240 days. Instead, the expert must merely include in the report "whether restoration can be accomplished in six months or less." § 8-291.07(C)(3). Only after restoration has begun is a mental health expert required to evaluate whether "there is no substantial probability" of the juvenile regaining competency before the restoration order expires. § 8-291.10(A)(3). And subsection (H) of that statute similarly requires the court to end restoration and dismiss the charges if, after a status hearing, "there is not a substantial probability that the juvenile will regain competency within two hundred forty days after the date of the original finding of incompetency." Requiring a juvenile court to first determine whether there *is* a substantial

---

[2] Revisions during the legislative process also support the state's reading. When § 8-291.08 was first proposed, it did not contain the language now appearing in subsection (D). Introduced Version S.B. 1083, § 9, 44th Leg., 2d Reg. Sess. (Ariz. 2000). Subsection (D) was inserted to direct the juvenile court how to proceed if a juvenile was non-restorable—that is, a juvenile that could not be restored within the maximum time established by statute. Sen. Adopted Amends. to S.B. 1083 (Jud.), 44th Leg., 2d Reg. Sess. (Ariz. 2000); S. Fact Sheet for S.B. 1083, 44th Leg., 2d Reg. Sess. (May 9, 2000) (noting amendment "[p]rovides a guideline for the court in making a disposition relating to when a juvenile is incompetent and not restorable at the initial hearing"). This revision history demonstrates the legislature did not contemplate a finding that a juvenile likely is restorable.

likelihood of restoration is inconsistent with the court's obligation to later evaluate whether there *is not* such a likelihood.

¶11 And, contrary to E.V.'s reasoning, it is not necessary to distinguish between the use of the term "may" in subsection (C) and the phrase "substantial probability" in subsection (D); that difference injects no ambiguity. Subsection (C) establishes that an incompetent juvenile who is restorable is eligible for restoration treatment. Subsection (D), in turn, establishes what it means to be non-restorable: that there is no substantial probability the juvenile could be restored within 240 days.

¶12 Nor do we find the parties' discussions of the burden of proof or their comparisons with adult competency proceedings useful in resolving the question before us. That question is instead answered by the statute's plain language: the court need only consider whether there is *not* a probability the juvenile can be restored within statutory time limits based on available evidence. However, the state's interpretation would make the juvenile procedure the most consistent with adult procedure. The adult statutes and rules "require restoration treatment unless the evidence shows the defendant will not become competent within twenty-one months." *Nowell v. Rees*, 219 Ariz. 399, ¶ 16 (App. 2008). "If such evidence exists, the court need not order fruitless treatment." *Id.*

¶13 Last, insofar as E.V. suggests the juvenile court is required to make an *express* finding under subsection (D), nothing in the statutory language requires a court to do so. Instead, we would presume the court made any findings necessary to support its conclusion. *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, ¶ 17 (App. 2004) ("[W]e will presume that the juvenile court made every finding necessary to support [its order] if reasonable evidence supports the order."). Here, however, the respondent judge's only error lies in her express decision to disregard subsection (D) and decline to consider whether the evidence showed there was no substantial probability of restoration.[3]

¶14 We accept special action jurisdiction and direct the respondent judge to reconsider her order that E.V. enter a competency

---

[3] Despite asking this court to decline to accept special action jurisdiction in this case, the state does not defend the respondent's interpretation that § 8-291.08(D) need not be considered at the initial hearing.

restoration program in light of § 8-291.08(D).  In doing so, we take no position on the merits of that issue.