312 P.3d 113

**Lamont Desmond RIDER, Petitioner,**

v.

**The Honorable Jeanne GARCIA, Judge of the Superior Court of the State of Arizona, in and for the COUNTY OF MARICOPA, Respondent Judge,**

**State of Arizona, Real Party in Interest.**

**No. 1 CA–SA 13–0122.**

Court of Appeals of Arizona, Division 1, Department C.

Sept. 5, 2013.

Bruce F. Peterson, Maricopa County Legal Advocate by Julie E. Rose, Deputy Legal Advocate, Frances J. Gray, Deputy Legal Advocate, Phoenix, Attorneys for Petitioner.

William G. Montgomery, Maricopa County Attorney by Arthur G. Hazelton, Jr., Deputy County Attorney, Phoenix, Attorneys for Real Party in Interest.

## OPINION

SWANN, Judge.

¶ 1 In this case, a defendant in a murder case could not be made competent to stand trial within 21 months of his incompetency finding and the charges were dismissed without prejudice. After a period of inpatient civil commitment, the defendant faced unsupervised release into the community. The state refiled the charges, arrested the defendant before his release and continued to treat him at the jail.

¶ 2 This special action requires us to decide whether the state has the power to take such action when charges have been previously dismissed based on the defendant's lack of competency. We earlier issued an order accepting jurisdiction with a written opinion to follow. This is that opinion. We hold that, subject to due process limitations, the state can refile the dismissed charges and renew its efforts to restore the defendant to competency.

## FACTS AND PROCEDURAL HISTORY

¶ 3 In 2010, Lamont Desmond Rider was indicted for murdering his jail cellmate and for aggravated assault. In proceedings under Ariz. R. Crim. P. ("Rule") 11, the court found that Rider was incompetent to stand trial and committed him to a correctional health services program for treatment to restore his competency. After Rider had received restoration services for several months, the court found that there was no substantial probability that Rider would regain competency within 21 months of the original incompetency finding. The court therefore remanded Rider to the custody of a behavioral health center for the institution of civil commitment proceedings, appointed a guardian ad litem for him, and dismissed the charges without prejudice pending his commitment.

¶ 4 Rider was committed to the state hospital in March 2011. Almost two years later, Rider's treating psychologist notified the attorney general's office that Rider was going to be discharged from the hospital with continuing treatment on an outpatient basis. Despite the psychologist's recommendation that Rider be discharged to a group home with twenty-four-hour supervision, the state-contracted regional behavioral-health authority determined that Rider did not qualify for such services—even though he was seriously mentally ill. According to the psychologist, the discharge would result in Rider being released "onto the streets." The psychologist opined that Rider had made considerable improvement, and made positive remarks about Rider's behavior, thought process, cognitive functioning and judgment. But the psychologist also opined that Rider was not likely to improve further, was still persistently and acutely disabled, was still a danger to others, and lacked insight as to the fact of his mental illness and his need for medication.

¶ 5 When the county attorney's office learned of the plan to discharge Rider, it arranged for him to be arrested at the hospital and taken to jail. He was then reindicted for the previously dismissed criminal charges. In the new criminal case, Rider's counsel moved for a competency determination but then withdrew the motion and filed an "Application for Writ of Habeas Corpus and Motion to Dismiss Indictment." After holding an evidentiary hearing, the court denied the application and motion.

¶ 6 Rider sought relief by this special action, contending that reindictment following a determination of incompetency violated his constitutional rights to due process, equal protection and speedy trial. We accepted jurisdiction because the denial of a motion to dismiss is a non-appealable order and the issue presented is one of first impression and statewide significance. *Nowell v. Rees*, 219 Ariz. 399, 403, ¶ 10, 199 P.3d 654, 658 (App. 2008); *Levinson v. Jarrett*, 207 Ariz. 472, 474, ¶ 4, 88 P.3d 186, 188 (App.2004).

## DISCUSSION

¶ 7 When the court finds that a criminal defendant is incompetent and that there is no substantial probability that he will regain competency within 21 months of the initial incompetency determination, it may do any or all of the following: (1) order the institution of civil commitment proceedings under Chapter 5 of Title 36 of the Arizona Revised Statutes; (2) appoint a guardian under Title 14; or (3) dismiss the charges without prejudice. A.R.S. § 13–4517; Ariz. R.Crim. P. 11.5(b)(2). In *Nowell*, we held that after 21 months from the initial determination of incompetency, "no further attempts at restoration are allowed." 219 Ariz. at 406, ¶ 21, 199 P.3d at 661. But *Nowell* involved a single criminal case—the court was not presented in that case with the question of attempts at restoration in the context of refiled criminal charges. Here, the court ordered institution of civil commitment proceedings and dismissed the charges without prejudice.

¶ 8 Civil commitment proceedings are different from criminal competency restoration proceedings, and no Arizona decision has yet addressed the question whether restoration proceedings may be repeated if the charges are dismissed and later refiled. *See, e.g., In re Commitment of Taylor*, 206 Ariz. 355, 358, ¶ 11, 78 P.3d 1076, 1079 (App.2004) (differentiating between Rule 11 proceedings and civil commitment proceedings for sexually violent persons under Chapter 37 of Title 36); *see also In re MH 2008–000028*, 221 Ariz. 277, 281, ¶ 18, 211 P.3d 1261, 1265 (App.2009) (describing A.R.S. § 13–4517 as "a conduit between the criminal statutory scheme and the civil mental health statutes contained in title 36, chapter 5").

¶ 9 The treatment that a person receives while civilly committed may have the result of restoring competency. In *State v. Silva*, we recognized that when the criminal charges are not dismissed, the court retains "continuing authority [under Rule 11.6(a)(4) ] to rule on the issue of defendant's competency after the twenty-one month limit on restoration treatment orders" because civil commitment or guardianship proceedings may act as "further restoration treatment." 222 Ariz. 457, 461, ¶ 18, 216 P.3d 1203, 1207 (App.2009). And A.R.S. § 13–4517(3) and Rule 11.5(b)(2)(iii) provide that when charges are dismissed, the dismissal must be "without

prejudice," which necessarily implies that the state may refile charges if post-dismissal events suggest that the defendant has regained competency. *See also* A.R.S. § 36–541.01(C) (requiring mental health institutions to notify prosecuting agency in advance of discharge of civilly committed patient to outpatient treatment when charges against patient involving sexual offenses or death or serious physical injury were dismissed pursuant to A.R.S. § 13–4517).

¶ 10 To be sure, the state's ability to refile charges has limits. *State v. Frey,* 141 Ariz. 321, 324, 686 P.2d 1291, 1294 (App. 1984). In some cases, the reinstitution of charges may be barred by limitations periods. And the state may not continually refile charges for the purpose of holding a defendant based only on his chronic incompetence to stand trial. As the Supreme Court explained in *Jackson v. Indiana,* such a defendant must be either released or civilly committed:

> [A] person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal.

406 U.S. 715, 738, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972) (footnote omitted).

¶ 11 Here, the record shows that the state acted within the bounds of its discretion. As an initial matter, the refiled charges were not time-barred. The charges were for murder and aggravated assault that occurred in 2010. There is no limitations period for murder, and the limitations period for aggravated assault is seven years. A.R.S. §§ 13–107(A)–(B)(1), 13–1204. Further, the record

shows that the state had reasonable grounds to believe that Rider may have regained competency: the state hospital planned to discharge Rider for outpatient care; the outpatient care provider determined that Rider did not qualify for twenty-four-hour supervision; Rider's psychologist reported that Rider had made considerable improvement at the hospital; and other evidence suggested that previous hospitalization had been effective to restore Rider to competency in a case in another state. Finally, the state had never before refiled and then dismissed the charges against Rider based on continued incompetency.

¶ 12 Though it is undisputed that Rider is mentally ill, mental illness alone does not preclude a finding of competency to stand trial. A.R.S. § 13–4501(2); Ariz. R.Crim. P. 11.1. Rider's progress supported a reasonable inference that he may be or become competent to stand trial, and the state hospital made no express determination of the issue. On this record, the court did not abuse its discretion by denying Rider's motion to dismiss the indictment.

¶ 13 Rider has the right to renew his motion for a competency determination. We note that the court remains empowered to order indefinite supervised civil commitment if the medical evidence supports it, without interference from a state contractor.

*CONCLUSION*

¶ 14 We deny Rider's request for special action relief.

CONCURRING: RANDALL M. HOWE and JOHN C. GEMMILL, Judges.