IN THE
# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOEL CARSON, *Petitioner,*

*v.*

THE HONORABLE JO LYNN GENTRY, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge,*

STATE OF ARIZONA ex rel. RACHEL MITCHELL, Maricopa County
Attorney,
*Real Party in Interest.*

No. 1 CA-SA 24-0067
FILED 07-09-2024

Appeal from the Superior Court in Maricopa County
No. CR2022-006384-001
The Honorable Jo Lynn Gentry, Judge

**JURISDICTION ACCEPTED AND RELIEF GRANTED**

COUNSEL

Maricopa County Legal Defender, Phoenix
By Kush Govani
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Christine A. Davis, Quinton S. Gregory
*Counsel for Real Party in Interest*

---

**OPINION**

Vice Chief Judge Randall M. Howe delivered the opinion of the court, in which Presiding Judge Anni Hill Foster and Judge Brian Y. Furuya joined.

---

H O W E, Judge:

¶1            In this special action, Joel Carson challenges the trial court's denial of his motion to reconsider the ruling permitting the State to refile charges against him.

¶2            In our order issued on April 22, 2024, we accepted jurisdiction and granted relief for reasons more fully set forth here. Special action jurisdiction is appropriate because Carson has no adequate remedy by appeal, Ariz. R. P. Spec. Act. 1(a), and his "petition raises legal questions of first impression and statewide importance," *Hiskett v. Lambert*, 247 Ariz. 432, 435 ¶ 10 (App. 2019). We hold that the State's allegations that Carson had complied with a prior order to take all prescribed medications for at least one year and was released from a civil commitment evaluation facility, by themselves, do not justify a reasonable belief that he may have regained competency. Therefore, the trial court erred in permitting the State to refile the charges against Carson.

**FACTS AND PROCEDURAL HISTORY**

¶3            Carson is a diagnosed schizophrenic with a history of psychiatric disturbance. He has received treatment for many years, but his illness has persisted. In May 2018, Carson was charged in *State v. Carson*, No. CR2018-124276 (the "2018 Case") with first-degree murder and other felony offenses. Defense counsel moved for competency evaluations and the court granted the motion. Carson received treatment for a year as part of the competency evaluations. The court then found him neither competent to stand trial nor restorable within 21 months. *See* Ariz. R. Crim. P. 11.5. It therefore dismissed the charges without prejudice. The court ordered Carson transported to Valleywise Behavioral Health Center ("Valleywise") for civil commitment evaluation.

¶4            Just a few weeks later, Valleywise notified the State that it would discharge Carson. The State then arrested Carson and refiled the same charges against him in *State v. Carson*, No. CR2022-006384 (the "2022

Case"). The State also charged an additional felony, misconduct involving weapons. Defense counsel initially moved for additional competency evaluations but then moved to vacate the evaluations. Defense counsel argued instead that Carson was entitled to a presumption of continued incompetency because he was found incompetent in the 2018 Case and that "no evidence" had been presented "to support a change in competency." Defense counsel also requested that the 2022 Case be dismissed on grounds of incompetency.

**¶5**　　　The State moved in the 2022 Case to refile the charges based on this court's opinion in *Johnson v. Hartsell ex rel. Cnty. of Maricopa*, 254 Ariz. 585, 591–92 ¶¶ 22–27 (App. 2023), which held that leave of court is required before the State can refile charges that were previously dismissed because the defendant was adjudged incompetent. The State based its motion on the trial court's order placing him under involuntary inpatient treatment after being found incompetent in the 2018 Case and on his impending release from Valleywise. Carson's scheduled release from Valleywise, the State argued, "demonstrate[d] that Valleywise deemed [Carson's] mental status significantly improved."

**¶6**　　　The court, the Honorable Jo Lynn Gentry, denied Carson's request to vacate the competency proceedings and granted the State permission to refile the charges. The court dismissed the 2022 Case without prejudice. It found that the State's discovery that Carson was due to be released from Valleywise gave the State a "reasonable belief . . . that [Carson] ha[d] regained competency." The State then refiled the charges in *State v. Carson*, No. CR2023-000872 (the "2023 Case") and the case was assigned to the Honorable Kerstin LeMaire.

**¶7**　　　Carson moved to dismiss the 2023 Case, contending that he was entitled to the presumption of continued incompetency after being found incompetent in the 2018 Case. He argued that "the State's proffered reasons for a change in competency"—i.e., his participation in court-ordered treatment and his imminent release from Valleywise—were "insufficient" to "support a change in competency." In response, the State argued that Carson was engaged in "inappropriate forum shopping" by asking Judge LeMaire in the 2023 Case to "second guess Judge Gentry."

**¶8**　　　Judge LeMaire granted Carson's motion and dismissed the 2023 Case without prejudice. Judge LeMaire found "that it does not appear that the State had a reasonable belief that [Carson] regained competency prior to refiling the charges in this matter." The State sought relief by special action from the dismissal order. *State ex rel. Mitchell v. Lemaire in & for Cnty.*

*of Maricopa*, 255 Ariz. 544, 545 ¶ 1 (App. 2023). This court accepted jurisdiction and granted relief, setting aside the dismissal order and remanding for further proceedings. *Id.* It held that "[a] defendant who seeks to challenge a court's determination that the State has sufficiently alleged a reasonable basis to believe that the defendant is currently competent may either move for reconsideration or challenge the ruling by special action to an appellate court." *Id.* at 549 ¶ 28.

**¶9**         On remand, Carson moved in the 2022 Case for reconsideration of Judge Gentry's denial of his motion to dismiss. Judge Gentry denied the motion for reconsideration, finding that the State did not need to prove Carson's competence before filing the new charges and that the new case provided an opportunity to redetermine his competence. This special action followed.

## DISCUSSION

**¶10**         Carson argues that Judge Gentry erred in finding that the State presented sufficient evidence to support a reasonable belief that he may have regained competency to stand trial. He contends that his being under court-ordered treatment and released from Valleywise do not support a reasonable belief that he may have regained competency. This court reviews a motion to dismiss a criminal prosecution for an abuse of discretion. *Johnson*, 254 Ariz. at 589 ¶ 14.

**¶11**         "It is well established that [due process] prohibits the criminal prosecution of a defendant who is not competent to stand trial." *Medina v. California*, 505 U.S. 437, 439 (1992) (citing *Drope v. Missouri*, 420 U.S. 162 (1975); *Pate v. Robinson*, 383 U.S. 375 (1966)). This "prohibition is fundamental to an adversary system of justice" because mentally incompetent persons cannot defend themselves. *Drope*, 420 U.S. at 171–72. Moreover, failing to "observe procedures adequate to protect a defendant's right not to be tried or convicted while incompetent" violates due process. *Id.* at 172 (citing *Pate*, 383 U.S. at 385). After making a finding that a defendant is not competent and not restorable, the court may do any or all of the following: remand the defendant for a civil commitment evaluation; appoint a guardian; or release the defendant from custody and dismiss the charges without prejudice. *See* A.R.S. § 13-4517(A); Ariz. R. Crim. P. 11.5(b)(3)(A).

**¶12**         "[A] prior adjudication of mental incompetency gives rise to a presumption of continued incompetency." *State v. Hehman*, 110 Ariz. 459, 460 (1974). This incompetency presumption is "charge-specific." *Johnson*,

254 Ariz. at 592 ¶ 27. If new evidence suggests the defendant has regained competency, the court must "hold an additional hearing to determine the defendant's competence." Ariz. R. Crim. P. 11.6(a)(1), (4). But the "court cannot make a subsequent finding of competence unless some new evidence . . . is presented to rebut the presumption of continued incompetence." *State v. Lewis*, 236 Ariz. 336, 341 ¶ 14 (App. 2014). The State need not prove that the defendant has regained competency, but must present reasonable grounds that the defendant may be competent. *Johnson*, 254 Ariz. at 591 ¶¶ 23–24. The State does so by "provid[ing] information to the court before refiling that supports a reasonable belief" that the defendant may have regained competency. *Id.* at 591 ¶ 25.

¶13 Here, the State did not present sufficient information to support a reasonable belief that Carson may have regained competency. *Id.* To refile the charges, the State relied on the court's ordering Carson to take all prescribed medications for at least one year and alleged that Carson complied with that order. But Carson's participation in court-ordered treatment is not synonymous with improvement in his competency. In fact, the record shows the opposite: Carson previously received treatment for a year without improvement of his condition and then the court found him incompetent. And the examining doctors opined that Carson's "current presentation was likely going to be the most optimal state we would likely see in the foreseeable future," implying little progress in the future. Given this record, Carson's simple participation in treatment cannot support a reasonable belief that he may have regained competency without some indication that his treatment had been effective.

¶14 As additional information, the State cited to Carson's release from Valleywise. The State argues that Carson's release from Valleywise supported its reasonable belief that his condition had significantly improved because it suggested he no longer needed treatment. But release of a defendant from a civil commitment evaluation facility does not necessarily by itself support a reasonable belief that the defendant has regained competency to stand trial in a criminal case because such a release proceeds under a significantly different standard. *See Oligschlaeger v. Mulleneaux*, 1 CA-SA 19-0083, 2019 WL 2185161, at *4 ¶ 17 (Ariz. App. May 21, 2019) (mem. decision) (finding that defendant's release from the evaluation center where he was sent for civil commitment evaluation was "not evidence of restoration"). A person is incompetent to stand trial if that person is "unable to understand the nature and objective of the proceedings or to assist in his or her defense because of a mental illness, defect, or disability." Ariz. R. Crim. P. 11.1(a)(2); *see also State v. Gunches*, 225 Ariz. 22, 24 ¶ 9 (2010). In contrast, a court can civilly commit a person if it "finds by

clear and convincing evidence that the proposed patient, as a result of mental disorder, is a danger to self, is a danger to others or has a persistent or acute disability or a grave disability and is in need of treatment, and is either unwilling or unable to accept voluntary treatment." A.R.S. § 36-540(A).

¶15 To be sure, the State was not required to prove that Carson had regained competency to obtain leave to refile. *Johnson*, 254 Ariz. at 591 ¶ 24. Nor does our holding mean that compliance with a treatment order and a release from civil commitment evaluation facility can never constitute sufficient information to support a reasonable belief that a defendant may have regained competency if different or additional circumstances exist. *See Rider v. Garcia ex rel. Cnty. of Maricopa*, 233 Ariz. 314, 317 ¶ 11 (App. 2013) (finding that the State had "reasonable grounds to believe that [the defendant] may have regained competency" because all of the following circumstances existed: (1) the state hospital was planning to discharge the defendant, (2) defendant was not qualified for twenty-four-hour supervision, (3) defendant's psychologist reported that he had made "considerable improvement," and (4) previous hospitalizations had restored defendant).

¶16 Under the circumstances of this case, however, Carson's compliance with a treatment order and his release from a civil commitment evaluation facility are not enough to overcome the presumption of incompetency previously established in this particular case. Therefore, Judge Gentry erred in permitting the State to refile the charges in the 2022 Case because the State did not provide sufficient information supporting a reasonable belief that Carson may have regained competency. *Johnson*, 254 Ariz. at 591 ¶ 25.

## CONCLUSION

¶17 For the foregoing reasons, we accept jurisdiction and grant relief by vacating the trial court's orders denying Carson's motion to reconsider its ruling and permitting the State to refile the charges.

