556 P.2d 6

**The STATE of Arizona, Petitioner,**

**v.**

**The SUPERIOR COURT OF MARICOPA COUNTY, Arizona, the Honorable Fred J. Hyder, Judge of the Superior Court Maricopa County, Arizona, and Andrew GIORANELLA, Real Party in Interest, Respondents.**

**No. 12734.**

Supreme Court of Arizona, In Banc.

Oct. 20, 1976.

Moise Berger, Former Maricopa County Atty., Donald W. Harris, Maricopa County Atty. by Herbert Williams, Deputy County Atty., Phoenix, for petitioner.

Ross P. Lee, Maricopa County Public Defender by Mary McAuliffe, Duputy Public Defender, Phoenix, for real party in interest.

HOLOHAN, Justice.

The state by this special action challenges the order of the respondent superior

court judge in dismissing with prejudice the criminal charges against the respondent real party in interest Andrew Gioranella.

Respondent Gioranella was charged by information with the crimes of assault with a deadly weapon and kidnapping. On March 3, 1975, defense counsel filed a motion to determine defendant's mental condition pursuant to Rule 11, Rules of Criminal Procedure, 17 A.R.S. After examination by the court-appointed psychiatrists, a hearing was held and respondent Gioranella was ruled incompetent to stand trial. On May 20, 1975 he was ordered committed to the Arizona State Hospital for a period not to exceed six months. On October 27, 1975, Dr. G. Lee Sandritter, Acting Superintendent of the Arizona State Hospital, forwarded to the court a report on defendant's mental condition. In substance the report stated that respondent Gioranella was still incompetent but he would be able to understand the proceedings and assist in his defense sometime within the following six months.

In January 1976 counsel for respondent Gioranella moved to dismiss the case for failure to hold a hearing to redetermine competency within the six months required by Rule 11.6, Rules of Criminal Procedure, 17 A.R.S. Thereafter the state moved to have another competency hearing. The superior court denied the motion to dismiss, held a hearing for redetermination of competency, found respondent Gioranella was still incompetent, and ordered his continued commitment for an additional period of three months.

On May 11, 1976 Dr. Sandritter, in a report submitted to the superior court, stated that respondent Gioranella was still incompetent due to his mental illness, and this condition was not likely to improve in the foreseeable future. The superior court, after receiving the medical report, set a hearing for redetermination of mental competency. Counsel for respondent Gioranella filed a motion to dismiss pursuant to Rule 11.6(e), Rules of Criminal Procedure, 17 A.R.S.

On May 27, 1976 the superior court granted the motion to dismiss and he ordered the dismissal with prejudice pursuant to Rule 11.6(e). This special action followed.

The state not only challenges the action of the superior court in dismissing the case with prejudice but it also attacks the procedure prescribed by Rules 11.5 and 11.6 of the Rules of Criminal Procedure, particularly the authority of the superior court to dismiss a criminal case pursuant to Rule 11.6(e).[1] In substance the state contends that this court has no power to authorize the superior court to dismiss a criminal case merely on the basis of mental incompetency. The foregoing rules were drafted to comply with the requirements of due process and equal protection outlined in *Jackson v. Indiana*, 406 U.S. 715, 92 S. Ct. 1845, 32 L.Ed.2d 435 (1972), the leading case dealing with continued mental incompetency and criminal charges. While Rule 11.6(e) leaves the matter of dismissal to the discretion of the trial court, it is implicit that such discretion is subject to the requirement of reasonableness and accepted legal principles. We hold that the procedure outlined in the foregoing rules is in accordance with the requirements of the Constitution.

The real issue in this case is whether a dismissal under Rule 11.6(e) should be with or without prejudice. We hold that a dismissal under the cited rule should be without prejudice. The purpose of the rule is twofold: that a person charged with a crime, who is committed solely on account of his incapacity to proceed to trial, be held no longer than is necessary to determine whether he will attain

---

1. Rule 11.6(e) : *"Dismissal of Charges.* The court may in its discretion order the dismissal of the charges against any defendant adjudged incompetent at any time. Upon dismissal of the charges, the defendant shall be released from custody unless the court finds that his condition warrants civilly committing him according to the standards provided by law."

that capacity in the foreseeable future; and that such a person whose mental incapacity will continue indefinitely be treated procedurally and substantively the same as persons subject to civil commitment. Neither Rule 11.5 nor Rule 11.6 deal with the merits of the criminal charge.

Rule 16.5(d), Rules of Criminal Procedure, 17 A.R.S.,[2] provides that a dismissal of prosecution is without prejudice unless the court order finds that the interest of justice require a dismissal with prejudice. The order of the trial court did not state any reason for making the dismissal with prejudice. The record does not disclose any reason, and our construction of Rule 11.6(e) does not furnish a basis for a dismissal with prejudice.

Counsel for respondent Gioranella suggests that the case should be dismissed for a denial of speedy trial which would be a dismissal with prejudice. This issue was not formally before the trial court. The motion which was presented to that court was based on the provisions of Rules 11.5 and 11.6. The record reflects that the dismissal was pursuant to Rule 11.6(e). The factors to be considered in determining whether there was a denial of speedy trial, *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), were never presented or considered by the trial court.[3]

The order of the superior court dismissing the case with prejudice is vacated and set aside. The superior court is directed to enter an order dismissing the case without prejudice pursuant to Rule 11.6(e).

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and GORDON, JJ., concurring.

2. Although the case was filed prior to August 1, 1975, the amendments of August 1, 1975 were applicable to all pending cases except matters involving the provisions of Rule 8.

3. In *State ex rel. Berger v. Superior Court*, 111 Ariz. 212, 526 P.2d 1234 (1974), we held that a trial court has no jurisdiction to grant a motion to dismiss on grounds of lack of speedy trial until an incompetent defendant has been restored to competency and is able to assist in the determination of the matter.