763 P.2d 998

**STATE of Arizona, Appellant,**

v.

**Malcolm D. McPHERSON, Appellee.**

**No. 1 CA–CR 12345.**

Court of Appeals of Arizona,
Division 1, Department A.

Oct. 27, 1988.

John Verkamp, Coconino Co. Atty. by Jon W. Thompson, Deputy Co. Atty., Flagstaff, for appellant.

Aspey, Watkins & Diesel by Mark R. Moran, Sedona, for appellee.

## OPINION

HAIRE, Presiding Judge.

The defendant, Malcolm McPherson, was charged with armed residential burglary, theft, and criminal damage. The trial court, Judge Mangum, dismissed the charges pursuant to Rule 11.6(e), Arizona Rules of Criminal Procedure. The state has appealed, raising the following arguments:

1. The trial court erroneously found that McPherson was permanently incompetent and that the charges against him were comparatively minor, and, therefore, erroneously dismissed the charges under Rule 11.6(e).

2. McPherson waived his right to be tried while competent by choosing to withdraw from medication that maintained his competency.

## FACTS

Malcolm McPherson was arrested on July 14, 1986, for allegedly throwing a rock that broke a truck window; he was released on bail. On August 7, 1986, McPherson was charged with armed residential burglary, a class 2 dangerous felony, and theft, a class 6 dangerous felony. The offenses were allegedly committed July 31, 1986, when McPherson broke into an unoccupied house and took some food, clothing, and a .22 caliber rifle. McPherson subsequently was charged with criminal damage, a class 6 felony, related to the July 14 arrest for rock throwing. Defense counsel filed a motion to consolidate the two cases and conduct an examination under Rule 11, Arizona Rules of Criminal Procedure, to determine McPherson's competency to stand trial on all three charges. The trial court, Judge Mangum, granted the motion.

A competency hearing was held on October 29, 1986. The trial court found that McPherson was incompetent to stand trial, but that he could become competent within a reasonable time if given proper treatment. The Coconino Community Guidance Center was ordered to initiate a mental health examination under Title 36, Arizona Revised Statutes. McPherson apparently was committed to the Arizona State Hospital in November 1986.[1]

McPherson was released into the custody of his sister two months after he was committed to the state hospital, and the state obtained a bench warrant for his arrest. He was arrested on the warrant in March 1987, and returned to the Coconino County Jail. McPherson apparently was recommitted to the Arizona State Hospital in April 1987 by Judge H. Jeffrey Coker and remained at the hospital until he was returned to the county jail the following September.[2]

A second competency hearing was held on December 18, 1987. At the conclusion of the hearing, the trial court found that

---

1. There is no documentation of McPherson's actual commitment in the record. However, the parties and the witnesses who testified at the December 1987 competency hearing all agreed that the commitment occurred some time in November 1986.

2. The record does not include any documentation of either McPherson's release into his sis-

ter's custody or his commitment in April 1987. The information is based on allegations by the defendant and the testimony of the witnesses who conducted the Rule 11 evaluation. The competency hearing that we later refer to as the second competency hearing (December 18, 1987) may therefore be McPherson's third competency hearing during the relevant time period.

McPherson was presently incompetent to stand trial, that his incompetency was permanent, and that the offenses charged were comparatively minor. On the basis of these findings, the charges were dismissed. The court also concluded that McPherson's chronic schizophrenia made him a danger to others and ordered him committed to the Arizona State Hospital.

### DISMISSAL UNDER RULE 11.6(e)

■ Rule 11.6(e), Arizona Rules of Criminal Procedure, gives the court discretion to dismiss charges against a defendant found to be incompetent at any time.[3] The rule is intended to "give[ ] the trial court the power to dispose of charges at the outset in cases where there is clearly no reason to maintain them (e.g., when the defendant's condition is permanent and he is charged with a comparatively minor offense.)" Comment to Rule 11.6(e), Arizona Rules of Criminal Procedure. The grounds set forth in the comment are not exclusive. The trial court may find that these grounds or others justify the dismissal of charges against an incompetent defendant. Dismissal is thus left to the discretion of the trial court, subject only to the requirements of reasonableness and accepted legal principles. *State v. Superior Court of Maricopa County*, 113 Ariz. 432, 433, 556 P.2d 6, 7 (1976). The decision of the trial court will not be reversed unless we find an abuse of that discretion, that is, "discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons." *Quigley v. City Court of the City of Tucson*, 132 Ariz. 35, 37, 643 P.2d 738, 740 (App.1982). Because the trial court made its findings so as to comply with the comment to Rule 11.6(e), we now examine the record to determine whether they are supported by the evidence.

*a. The Permanency of McPherson's Incompetency*

■ During the competency hearing held December 18, 1987, the trial court heard testimony from two expert witnesses who had evaluated McPherson prior to the first competency hearing (September 1986) and the second competency hearing (December 1987). Both witnesses agreed that McPherson was a chronic schizophrenic and that he probably had been incompetent when he committed the offenses charged.

According to the testimony of Edmund Moritz, Ph.D., McPherson "lived a lifestyle of being a low-functioning borderline transient ... for 27 years" and had been hospitalized intermittently. Dr. Moritz testified that McPherson voluntarily admitted himself to the Arizona State Hospital shortly after his July 1986 arrest. He checked himself out against medical advice after only two days; one week later he was arrested on the burglary and theft charges. The Arizona State Hospital would not allow McPherson to be admitted voluntarily after his second arrest, and civil commitment proceedings were started. These proceedings were interrupted by the Rule 11 competency evaluation initiated in August 1986. Dr. Moritz re-evaluated McPherson in November 1987 for the second competency hearing, and found that McPherson was not competent in November 1987, that his competency had deteriorated by the time of the hearing, and that he was not presently competent to stand trial. Finally, Dr. Moritz testified that McPherson could become competent if treated with medication in a "therapeutic milieu" (e.g., hospital), but that merely administering antipsychotic medication in the jail would be unlikely to restore McPherson to competency.

The testimony of Thomas Nolte, M.D. was similar to that of Dr. Moritz. Dr. Nolte testified that McPherson had been competent in September 1987, when McPherson first arrived at the county jail from the Arizona State Hospital. McPherson's medical records indicated, however, that he had become incompetent by Octo-

---

**3.** Rule 11.6(e) states:

"e. **Dismissal of Charges.** The court may in its discretion order the dismissal of the charges against any defendant adjudged incompetent at any time. Upon dismissal of the charges, the defendant shall be released from custody unless the court finds his condition warrants civilly committing him according to the standards provided by law."

ber 22, at least in part as a result of his refusal to take some of the prescribed anti-psychotic medications.[4] Dr. Nolte further testified that because the defendant was refusing major tranquilizers, McPherson had a "variable fluctuating course in his psychosis" and any finding that McPherson was competent prior to trial would not guarantee that he would remain competent during the trial. Further, Dr. Nolte expressed his opinion that McPherson might not be able to remain competent during the stress of a trial, even if he were maintained on "protective medication." Dr. Nolte strongly recommended against treating McPherson solely by placing him on medications in the jail and emphasized the need for a total therapeutic environment.

The evidence before the trial court indicated (1) McPherson suffered from chronic schizophrenia, (2) he had repeatedly been hospitalized for treatment, and (3) while he could be returned to competency after treatment, his competency could not be maintained for any significant length of time. The trial court concluded from the evidence that McPherson's periods of lucidity were sufficiently short and variable that he was, in fact, permanently incompetent. On the record before us, we cannot find that the trial court abused its discretion in making this finding.

*b. The Minor Nature of the Offenses*

The state argues that the charges against McPherson were not minor, and that the trial court thus exceeded its discretion by dismissing the charges. The state contends, without support, that minor offenses subject to dismissal under Rule 11.-6(e) are limited to offenses such as trespassing or the shoplifting of small, inexpensive items.

McPherson argues that the trial court was justified in dismissing these offenses as comparatively minor. We agree. McPherson was charged with three felonies committed on two separate occasions. The charge of criminal damage stemmed from the incident when McPherson threw a rock at the windshield of an occupied truck after the driver refused to give him a ride. During the second competency hearing the state characterized this offense as an "attack upon a person with a stone" and indic-ative of McPherson's willingness to use violence. The armed burglary and theft charges stemmed from the breaking and entering of an unoccupied residence. In the course of the burglary, he took a .22 caliber rifle, which he later abandoned by the road. The state claims that the mere act of taking the rifle demonstrated McPherson's intent to arm himself with a deadly weapon, and supported the charge of armed burglary and allegations of dangerousness. The state argues that, based on the nature of the offenses charged, the potential maximum sentence that could be imposed (in excess of 28 years), and the violent nature of the defendant as demonstrated by the rock throwing, the offenses cannot be minor and subject to dismissal.

Stealing a firearm does not necessarily support a charge of armed burglary. *State v. Befford*, 148 Ariz. 508, 715 P.2d 761 (1986). The defendant must possess the firearm in a manner that demonstrates his willingness or ability to use it as a weapon. *Id.* at 510, 515 P.2d at 763. The trial court noted that McPherson did not commit any offenses at gunpoint; rather, the state chose to allege the charge in the severest manner possible. The trial court, based on the evidence before it, characterized the defendant as "a vagabond, ... looking for shelter and food and [who] broke into an unoccupied house and helped himself, and on another occasion threw a rock at a car." McPherson neither threatened or harmed any person. His offenses were certainly less serious than kidnapping and assault with a deadly weapon, two charges at issue when another trial court dismissed charges under Rule 11.6(e). *See State v. Superior Court of Maricopa*

---

4. Dr. Nolte based his testimony partially on entries to the medical record made by another psychiatrist. At the time of the hearing, McPherson was taking Lithium as prescribed, but had refused other antipsychotic medications. There was some evidence in the record that McPherson refused the drugs because of unpleasant side effects.

*County*, 113 Ariz. 432, 556 P.2d 6 (1976) (affirmed on other grounds).

The trial court did not ignore the state's concern regarding McPherson's potentially violent behavior. The court addressed this concern by finding that, as a result of his chronic schizophrenia, McPherson was a danger to others. The trial court ordered McPherson to be committed to the Arizona State Hospital for a period up to six months. The trial court separately determined that, under the factual situation present in this case, McPherson's offenses were comparatively minor. These findings were both reasonable and within accepted legal principles. We therefore conclude that the trial court did not abuse its discretion in finding that the charges against McPherson were comparatively minor, or in dismissing the charges under Rule 11.6(e).

## WAIVER OF COMPETENCY

The state also argues that, because McPherson refused to take medication that maintained his competency, he waived his right to be tried while competent. While there is case law in other jurisdictions that would support the state's position if McPherson had been brought to trial and was contesting his conviction, the state's argument is misplaced in this case. *See State v. Hayes*, 118 N.H. 458, 389 A.2d 1379 (1978); *cf. Commonwealth v. Louraine*, 390 Mass. 28, 38 n. 13, 453 N.E.2d 437, 444 n. 13 (1983) (voluntarily induced incompetency constitutes a waiver of right to be tried while competent); *State v. Maryott*, 6 Wash.App. 96, 492 P.2d 239 (1971) (the trial court may proceed without defendant who voluntarily induces incompetency). The issue on appeal is whether the trial court abused its discretion in dismissing the charges against the defendant, and not whether McPherson could be tried while incompetent if the charges had not been dismissed. In view of our decision that the trial court did not abuse its discretion in dismissing the charges against McPherson, it is not necessary to reach the issue of whether McPherson waived his right to be tried while competent.

The trial court's order dismissing the charges against the defendant is affirmed.

SHELLEY, J., and RICHARD M. DAVIS, J. Pro Tem., concur.

*Note*: The Honorable RICHARD M. DAVIS was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 31.