IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

_____

PATRICIA ANN ADAMS,
*Petitioner*,

*v.*

HON. BRENDEN J. GRIFFIN, JUDGE OF THE SUPERIOR COURT OF THE STATE OF
ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent,*

*and*

THE STATE OF ARIZONA,
*Real Party in Interest.*

No. 2 CA-SA 2023-0072
Filed November 30, 2023

_____

Special Action Proceeding
Pima County Cause No. CR20232794001

**JURISDICTION ACCEPTED; RELIEF GRANTED**

_____

COUNSEL

Mary Trejo, City of Tucson Public Defender's Office
By Marianne Vaiana, Associate Public Defender and Kristina Bohn, Supervising City
Public Defender, Tucson
*Counsel for Petitioner*

Michael G. Rankin, Tucson City Attorney's Office
By Alan L. Merritt, Deputy City Attorney and Mari L. Worman, Senior Assistant
Prosecuting City Attorney, Tucson
*Counsel for Real Party in Interest*

**OPINION**

Judge Kelly authored the opinion of the Court, in which Presiding Judge Brearcliffe and Judge O'Neil concurred.

K E L L Y, Judge:

¶1        This special action involves a challenge to a ruling of the Tucson City Court mental health judge dismissing charges against Patricia Adams, who has repeatedly been found incompetent to stand trial. The parties dispute the meaning and effect of A.R.S. § 13-4504, specifically whether the city court properly dismissed the charges under that provision or should have transferred the matter to the superior court for a competency evaluation. For the reasons that follow, we accept jurisdiction and grant relief.

**Factual and Procedural Background**

¶2        Patricia Adams was arrested in August 2022, at which time there were multiple misdemeanor charges pending against her in various Tucson City Court cases. Adams filed a motion to dismiss the charges pursuant to § 13-4504, noting that she had previously been found incompetent to stand trial, and not restorable to competence, three times in the past, most recently in August 2018. The state responded that there were reasonable grounds for a new competency examination based on Adams having received mental health services under title 36 since her last incompetency determination. The state asked that the matter be transferred to the superior court for a competency examination, expressing "concern that if th[e City] Court dismisse[d]" the charges, it lacked the authority "to order the initiation of civil commitment proceedings" or a guardianship pursuant to § 13-4504(B).

¶3        The city court rejected the state's arguments and dismissed the charges without prejudice. Noting that Adams was "subject to an order for court-ordered treatment," the court concluded it did not need to "order or request that any agency initiate civil commitment proceedings," and declined to issue orders pursuant to § 13-4504(B). The state appealed from that decision.

¶4        On appeal in the superior court, the state argued the city court had "incorrectly interpreted A.R.S. § 13-4504" and "exceeded its

jurisdiction when it acknowledged there were reasonable grounds to question Adams's competence to stand trial but refused to transfer the cases to Superior Court." Although acknowledging the city court had not actually ordered it to initiate guardianship proceedings, the state further asserted the city court could not do so.[1] The respondent superior court judge determined the city court "lacked jurisdiction" to conduct hearings under § 13-4504(A) and Rule 11.2(f), Ariz. R. Crim. P. He remanded the matter to the city court to determine if reasonable grounds existed for further competency proceedings, and if so, to transfer the matter to superior court for an evaluation. Adams's petition for special action relief with this court followed.

## Jurisdiction

¶5        "The decision to accept or reject special action jurisdiction is highly discretionary." *Cicoria v. Cole*, 222 Ariz. 428, ¶ 4 (App. 2009); *see also* Ariz. R. P. Spec. Act. 3 bar committee note ("The special action requests extraordinary relief, and acceptance of jurisdiction of a special action is highly discretionary with the court to which the application is made."). This proceeding originated in the city court, and Adams therefore has no right of appeal beyond the superior court. *See* A.R.S. § 22-375(B). Further, special action jurisdiction is appropriate when, as the parties assert here, the question presented is a purely legal one. *See Blake v. Schwartz*, 202 Ariz. 120, ¶ 7 (App. 2002). Accordingly, we exercise our discretion and accept jurisdiction.

## Discussion

¶6        Adams argues the respondent superior court judge improperly "reversed the [city court's] determination that reasonable grounds for further Rule 11 examinations d[id] not exist" and improperly interpreted § 13-4504(A). The state contends the city court's ruling under § 13-4504(A) was essentially an incompetency determination, which it lacked the authority to make. As relevant here, on special action review, this court must determine whether the respondent "failed . . . to perform a duty required by law as to which he has no discretion," "has proceeded . . . without or in excess of jurisdiction or legal authority," or abused his discretion. Ariz. R. P. Spec. Act. 3. When reviewing an order dismissing

---

[1]Because the city court did not enter any such orders, we need not address these arguments.

criminal charges, this court assesses whether the dismissing court abused its discretion. *See State v. Medina*, 190 Ariz. 418, 420 (App. 1997).

¶7 Our review of Adams's petition involves the intersection of two sets of statutes and Rule 11, Ariz. R. Crim. P. We address these in turn and, because the language of the statutes and rules is plain, it controls the outcome here. *See 4QTKIDZ, LLC v. HNT Holdings, LLC*, 253 Ariz. 382, ¶ 5 (2022). First, the criminal code sets forth various provisions relating to a defendant's competency to stand trial in title 13, chapter 41. *See* A.R.S. §§ 13-4501 to 13-4519. A defendant cannot "be tried, convicted, sentenced or punished for an offense if the court determines that the person is incompetent to stand trial." § 13-4502. After a defendant is charged, the process to determine competency begins with the filing of a request for a competency evaluation, which may be filed by "any party" or may be initiated by "the court on its own motion." § 13-4503(A). The court may request the assistance of a mental health expert to determine if reasonable grounds for an examination exist. § 13-4503(B). Generally, once a court determines that such grounds exist, the superior court has exclusive jurisdiction to hold competency hearings. § 13-4503(C). A limited jurisdiction court may "exercise jurisdiction over a competency hearing in a misdemeanor case" arising in such a court only if the presiding judge of the superior court has authorized it to do so. § 13-4503(D).

¶8 If the court initially finds the defendant incompetent, it must order treatment for restoration of competency "unless there is clear and convincing evidence that the defendant will not be restored to competency within fifteen months." § 13-4510(C). When a treatment order is issued, it is valid for 180 days or until the treating agency reports either that the defendant has been restored or is not substantially probable to regain competency within twenty-one months, the charges are dismissed, or the maximum sentence has expired. § 13-4512(I); *see also* § 13-4514. If the court determines there is not a substantial probability that the defendant will regain competency within twenty-one months, it is to "proceed pursuant to [A.R.S.] § 13-4517." § 13-4514(F). Otherwise, an order issued under §§ 13-4512 or 13-4514 remains in effect for not more than twenty-one months or the maximum possible sentence. § 13-4515(A).

¶9 If the court proceeds under § 13-4517, any party may request that the court dismiss the charges, remand the defendant to an evaluating agency "for the institution of civil commitment proceedings," or "[a]ppoint a guardian ad litem." § 13-4517(A). "If the defendant is remanded, the prosecutor shall file a petition for evaluation . . . ." § 13-4517(A)(1). The

court may also "retain jurisdiction" over the defendant until commitment under title 36 or appointment of a guardian. § 13-4517(C); *see also* § 13-4517(D)-(E).

¶10        Separate from the process set in motion by a request to determine incompetency under § 13-4503, § 13-4504(A) provides that, "[n]otwithstanding any law to the contrary," a "court may hold a hearing to dismiss any misdemeanor charge against [an] incompetent person" who "has been previously adjudicated incompetent to stand trial." If the charge is dismissed, "the court may order the prosecutor to initiate civil commitment or guardianship proceedings." § 13-4504(B).

¶11        Second is the statutory scheme for civil commitments, set forth in title 36, chapter 5. This chapter includes articles for both court-ordered evaluations, A.R.S. §§ 36-520 to 36-531, and court-ordered treatment, A.R.S. §§ 36-532 to 36-544. An application for a court-ordered evaluation may be filed by "[a]ny responsible individual." § 36-520(A). Upon receiving an application, a screening agency is to provide a prepetition screening and, if it finds reasonable cause to believe the patient should be subject to court-ordered evaluation, file a petition for evaluation. § 36-521(A)-(D). The county attorney may also file such a petition if ordered by a court to do so. § 36-521(F). If after the evaluation the patient is found to require court-ordered treatment, the evaluating agency or the county attorney is to file a petition for treatment under § 36-533. § 36-531(A)-(C).

¶12        "If a petition for court-ordered evaluation is filed by a prosecutor pursuant to § 13-4517, a prior application for court-ordered evaluation or prescreening is not necessary." § 36-521(I). And, § 36-531(E) directs that when a prosecutor files a petition pursuant to § 13-4517, and the evaluating agency intends to release the person, the agency must give the "prosecuting agency" notice of that intent. *See also* § 36-540(Q) ("If the court does not find a person to be in need of treatment and a prosecutor filed a petition pursuant to § 13-4517, the evaluation agency, within twenty-four hours, shall notify the prosecuting agency of its finding."). "Prosecuting agency" is defined to include "the county attorney, attorney general or city attorney who applied or petitioned for an evaluation or treatment pursuant to this chapter." § 36-502(38).

¶13        Third, there are procedural rules under Rule 11, Ariz. R. Crim. P., that set forth the processes for conducting incompetency hearings and mental examinations in criminal proceedings. Rule 11.2 sets forth the requirements for a motion for an evaluation, including the information the motion should include. The rule also includes a provision outlining the

jurisdiction of the superior and limited jurisdiction courts. Ariz. R. Crim. P. 11.2(d). Consistent with § 13-4503(D), it allows the presiding judge of the superior court to issue an order authorizing a limited jurisdiction court to hear competence issues in misdemeanor cases, but it otherwise gives "exclusive jurisdiction over all competence hearings" to the superior court. Ariz. R. Crim. P. 11.2(d). In a separate subsection, however, the rule states, "[i]f the court finds that a person has been previously adjudicated incompetent to stand trial under this rule, the court may hold a hearing to dismiss any misdemeanor charge against the incompetent person under A.R.S. § 13-4504." Ariz. R. Crim. P. 11.2(f).

¶14 When viewed in the context of this scheme as a whole, § 13-4504 creates a separate pathway for dismissal with its own discrete criteria. Unlike proceedings seeking an evaluation of competency, § 13-4504 relies on a finding that the "person has been previously adjudicated incompetent to stand trial" pursuant to chapter 41. Thus, the proceedings outlined in the remainder of the chapter—a request for an evaluation, an evaluation, and a finding of incompetency—have already taken place. Accordingly, dismissal under § 13-4504 does not require a new evaluation, and allows dismissal based solely on a previous adjudication. § 13-4504(A).

¶15 And although a proceeding under § 13-4504(A) might involve a court's consideration of evidence similar to that presented at a competency evaluation, that does not itself make the determination equivalent to a competency hearing under § 13-4503(C). The statutes simply provide two separate pathways. When competency is at issue, a limited jurisdiction court is empowered to determine whether reasonable grounds exist for further competency proceedings. § 13-4503(A)-(C). A court may consider evidence, including the assistance of a mental health expert, in doing so. § 13-4503(B). Once a court determines that dismissal is appropriate based on a prior adjudication of incompetency under § 13-4504, however, the dismissal obviates any need for new competency proceedings under § 13-4503(C). Thus, the two statutes provide authority for a court to take two different actions. *See State v. Windsor*, 224 Ariz. 103, ¶ 6 (App. 2010) (court considers "each word and phrase" in interpreting statute and will not make any part of statute superfluous); *see also Vera v. Rogers*, 246 Ariz. 30, ¶ 11 (App. 2018) (court construes related statutes together).

¶16 The parties present considerable argument about the meaning of "the court" in § 13-4504(A), but we need not go beyond the statutory language as to that point—particularly in view of the preparatory phrase, "[n]otwithstanding any law to the contrary." The language is plain—if a

person stands charged with a misdemeanor and the person has been previously adjudicated incompetent, "the court" hearing the charge may dismiss it. *Id.*; *see also* A.R.S. § 1-213 ("Words . . . shall be construed according to the common and approved use of the language."). Because there is no requirement for "the court" to conduct a competency evaluation in order to dismiss misdemeanor charges under § 13-4504, there is no reason to limit jurisdiction to the superior court.

¶17 The state argues, however, that § 13-4504 was "combined" with § 13-4503 "into Rule 11.2 in 2017." It contends the rule therefore "clarifies that, procedurally, the dismissal provisions of [§] 13-4504 apply after reasonable grounds to question competency to stand trial have been found." Citing *State v. Bigger*, 251 Ariz. 402, ¶¶ 35-37 (2021), it argues the rule must control. But the state later acknowledges that the statutes and rules in this area have been determined not to conflict. *See State v. Bunton*, 230 Ariz. 51, ¶ 6 (App. 2012). In any event, Rule 11.2(f) is not significantly different from § 13-4504. It includes language directing dismissal based on a previous adjudication, and it cites § 13-4504 expressly. Ariz. R. Crim. P. 11.2(f). Further, because Rule 11.2(f) does not include a limitation as to the court in which it applies, we read the word "court" to refer to courts "in all criminal proceedings in Arizona state courts." Ariz. R. Crim. P. 1.1. Although another subsection of Rule 11.2 does distinguish between the jurisdiction of the superior and limited jurisdiction courts, subsection (f) does not. Thus, we agree with Adams that the respondent superior court judge abused his discretion by concluding that a hearing pursuant to § 13-4504(A) is essentially a competency hearing under Rule 11.

¶18 The state, however, also cites *Johnson v. Hartsell*, 254 Ariz. 585 (App. 2023), arguing that § 13-4504(A) should not be interpreted "to apply to new charges," based on the *Johnson* court's having limited "the rebuttable presumption of continuing incompetency" to a single charged offense in that case. In that case, the trial court had declared Johnson "incompetent and not restorable," which led to a "presumption of continued incompetency." *Johnson*, 254 Ariz. 585, ¶ 20 (quoting *State v. Hehman*, 110 Ariz. 459, 460 (1974)). Based on this presumption, the state could not, without court permission, refile the same charges "against a presumptively incompetent defendant without reasonable grounds showing that the defendant is now competent." *Id.* ¶¶ 23, 27. Relying on the standard for incompetence set forth in Rule 11.1(a)(2), the *Johnson* court concluded that "the incompetency presumption is charge-specific." *Id.* ¶ 27. The state contends that allowing the dismissal of new charges under § 13-4504(A) is "incompatible" with this conclusion.

¶19          The presumption of incompetency, however, arises from the defendant's due process rights, *see State v. Bradley*, 102 Ariz. 482, 485-87 (1967), and relates to the standard the state must meet in order to ensure an incompetent person is not tried for a crime. *Id.* at 486. The *Johnson* court employed that presumption to set forth the procedural mechanism the state must use in charging a defendant. 254 Ariz. 585, ¶¶ 25-26. In contrast, § 13-4504 is a statutory provision allowing a court to dismiss charges against a defendant on the basis of a prior adjudication of incompetence. Such a dismissal does not implicate the due process problem underlying the presumption.[2]

¶20          Here, the question concerns the scope of the limited jurisdiction court's authority to dismiss a charge and what it is to consider in making its ruling. The state argues the city court "exceeded its jurisdiction when it dismissed" the charges against Adams. But this confuses the court's jurisdiction with its authority to make a particular ruling. "Jurisdiction can refer to the authority to do a particular thing or to 'the power of the court to entertain an action of a particular subject matter.'" *Major v. Coleman*, 251 Ariz. 345, ¶ 8 (App. 2021) (quoting *Taliaferro v. Taliaferro*, 186 Ariz. 221, 223 (1996)). A municipal court has jurisdiction to entertain misdemeanor actions when committed within the limits of the municipality. A.R.S. §§ 22-402(B), 22-301(A)(1); *see also* Ariz. Const. art. VI, § 32(C). Thus, the city court had subject matter jurisdiction over the charges against Adams, and the propriety of its ruling dismissing those charges was a question of its authority to do so based on its conformity to the provisions of § 13-4504. *See* Ariz. Const. art. VI, § 32(B) (jurisdiction of inferior courts is "as provided by law").

¶21          Section 13-4504(A) sets no parameters for dismissal, and we have found no guiding Arizona authority citing that statute. We have, however, addressed dismissal under Rule 11.6(e), which allows for dismissal of "charges against a defendant found to be incompetent at any time." *State v. McPherson*, 158 Ariz. 502, 504 (App. 1988). In that context, we concluded that dismissal was "left to the discretion of the trial court, subject only to the requirements of reasonableness and accepted legal principles." *Id.*; *see also State v. Superior Court*, 113 Ariz. 432, 433-34 (1976)

_____

[2]Nothing in the record before us suggests that Adams has since been found competent after being found not competent and not restorable in 2018. We therefore do not address what impact, if any, an intervening finding of competency would have on the application of § 13-4504(A).

(upholding as constitutional rules allowing dismissal of criminal charges "merely on the basis of mental incompetency" subject to court's discretion). Likewise, a trial court has discretion in determining whether to dismiss charges based on other due process considerations. *See State v. Smith*, 242 Ariz. 98, ¶¶ 22-23 (App. 2017) (denying motion to dismiss after two mistrials); *State v. Pickett*, 121 Ariz. 142, 145 (1978) (court has discretion to dismiss as discovery sanction).

¶22 Indeed, as we explained in discussing a trial court's discretion to dismiss either with or without prejudice, a former comment to Rule 16.6(b), Ariz. R. Crim. P., stated that although that subsection expressly addresses dismissal for insufficiency, a trial court may dismiss charges "based on any legally recognized ground." *State v. Huffman*, 222 Ariz. 416, ¶ 10 (App. 2009); *see also* Ariz. R. Crim. P., Prefatory Comment to the 2018 Amendments (we "may continue to refer to comments to pre-2018 versions of the ARCrP" when they apply). In dismissing a case, the court is generally to "balanc[e] the defendant's interest against the state's." *Huffman*, 222 Ariz. 416, ¶ 12; *see also Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 24-25 (1981) (due process requires assessing various interests at stake). A reviewing court should give "great deference to trial court determinations of conflicting procedural, factual or equitable considerations." *State v. Winegar*, 147 Ariz. 440, 445 (1985). Simply disagreeing with a trial court's conclusion is not sufficient to conclude that the court abused its discretion. *See Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, ¶ 34 (2023).

¶23 Against the due process underpinnings of § 13-4504 and the plain language of § 13-4504(A), we presume the legislature knew of this existing law and intended for dismissals under this section to function compatibly with the others. *See Ariz. State Bd. of Dirs. for Junior Colls. v. Phx. Union High Sch. Dist. of Maricopa Cnty.*, 102 Ariz. 69, 72 (1967); *see also* 82 C.J.S. Statutes § 363 (2023) ("Courts presume that the legislature intended a statute to be harmonious and consistent with the existing body of law."). In order to do so, we read the statute to require a court determining whether to dismiss misdemeanor charges to balance the state's interest in prosecuting a crime, the risk of trying an incompetent defendant, and, arguably, the judicial resources required to undertake a competency evaluation. *See State v. Johnson*, 147 Ariz. 395, 399 (1985).

¶24 Taking this view of the city court's decision, the respondent superior court judge abused his discretion by concluding that the city court had exceeded its jurisdiction in dismissing the charges against Adams. The respondent should have instead evaluated the city court's dismissal for an

abuse of discretion. *See Medina*, 190 Ariz. at 420. We therefore vacate the respondent superior court judge's order vacating the city court's dismissal and remand the matter for the respondent to reconsider the appeal in a manner consistent with this decision. Additionally, the respondent should address in the first instance the state's argument that the city court improperly took judicial notice of evidence regarding Adams's medical treatment and records.

¶25        We accept special action jurisdiction and grant relief.